1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorneys
4  1390 Market Street, 7th Floor
   San Francisco, California 94102-5408
5  Telephone:     (415) 554-4283
   Facsimile:     (415) 554-3837
6
   Attorneys for Defendants
7

8                  UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  GAYNELL McPHERSON individually           Case No. C08-05567 MMC
    and on behalf of the ESTATE of
11  DARRYL McPHERSON; CECILIA                **STIPULATION AND [PROPOSED]**
    McPHERSON, FRANKIE McPHERSON             **CONFIDENTIALITY PROTECTIVE**
12  and the ESTATE OF DARRYL                 **ORDER**
    McPHERSON,
13
              Plaintiffs,
14
              vs.
15
    CITY AND COUNTY OF SAN
16  FRANCISCO, a municipal corporation;
    MICHAEL HENNESSY, in his capacity
17  as Sheriff for the CITY AND COUNTY
    OF SAN FRANCISCO; Dr. JOE
18  GOLDENSON, in his official capacity as
    Director of JAIL HEALTH SERVICES
19  for the CITY and COUNTY OF SAN
    FRANCISCO; and DOES 1-100,
20  inclusive,

21            Defendants.

22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and

2  agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to

3  the terms of this PROTECTIVE ORDER.

4    GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the

5  entry of an order as follows:

6    1.    CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE

7  ORDER, shall include all documents containing peace officer personnel records (including, but not

8  limited to, current and former officers' home addresses, medical records, and complaints and

9  disciplinary records in the files of the San Francisco Police Department and/or the Office of Citizens'

10 Complaints), official information and any other such documents that defendants in good faith have

11 determined to be confidential.  Defendants shall attempt to stamp "Confidential" on all such

12 documents prior to production.  In the event that any CONFIDENTIAL INFORMATION is

13 inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall

14 immediately make it known to the other parties and the documents shall immediately be stamped as

15 "Confidential" and treated as such, as per this order.

16    2.    The CONFIDENTIAL INFORMATION shall not be exhibited, displayed or

17 otherwise disclosed by Plaintiff's Counsel (or authorized persons described in paragraph 5) to other

18 persons except as specifically provided herein.

19    3.    Plaintiff may challenge defendants' designation of a particular document as

20 CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court.  The

21 parties agree that the prevailing party in a motion to remove the confidential designation shall waive

22 any entitlement to monetary sanctions, including attorney's fees.

23    4.    Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole

24 authority to determine that documents subject to the PROTECTIVE ORDER are no longer

25 considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this

26 determination is made.

27

28

CONFIDENTIALITY PROTECTIVE ORDER            1                    n:\lit\li2009\090681\00552600.doc
McPherson, et al. v. CCSF, et al. – USDC No. C08-05567 MMC

5.      Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL

INFORMATION only to the following categories of person and no other unless authorized by order

of the Court:

    a.      Plaintiff's Counsel;

    b.      Experts, investigators or consultants retained by Plaintiff's Counsel to assist in

        the evaluation, preparation, or trial of this case; however, before any expert,

        investigator, or consultant is permitted to review the CONFIDENTIAL

        INFORMATION, such individual must agree to comply with the terms of this

        PROTECTIVE ORDER by executing the document attached as Exhibit A.  Plaintiff's

        counsel shall file and serve that document upon its execution; however, Plaintiff's

        counsel shall not be required to file any Agreement to Comply any earlier than the

        date that Expert Disclosures are required to be made.  Experts, investigators, and

        consultants shall not have any power to authorize further disclosure of

        CONFIDENTIAL INFORMATION to any other person.

6.      CONFIDENTIAL INFORMATION produced pursuant to this PROTECTIVE

ORDER may be reviewed and relied upon in this case only, and not for any other purpose.

Plaintiff's Counsel may not use any CONFIDENTIAL INFORMATION produced pursuant to this

PROTECTIVE ORDER in any other litigation.

7.      Counsel for Plaintiff may not provide originals or copies of the Confidential

Information to any plaintiff absent the written agreement of counsel for the City or a court order,

subject to the following:

    a.      For purposes of evaluating the settlement value or potential jury verdict,

        counsel for Plaintiff may discuss the general nature of the Confidential

        Information with plaintiffs without disclosing any identifying details about a

        specific incident or any documents.

    b.      Plaintiffs' counsel may also review with a plaintiff any statement or interview

        given by that plaintiff.

1    8.    Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL

2    INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any

3    papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and

4    procedures (see Northern District of California Civil Local Rule 79-5).   The sealed envelopes shall

5    be endorsed with the caption of this litigation, and an indication of the nature of the contents of the

6    envelopes and a statement substantially in the following form:

7    "This envelope contains documents that are filed in this case pursuant to a Protective Order

8    and are not to be opened nor the contents thereof to be displayed or revealed except by further order

9    of the Court or written consent of the City and County of San Francisco."

10    9.    In the event any person desires to exhibit documents or disclose CONFIDENTIAL

11    INFORMATION covered under this stipulation during trial or pretrial proceedings, such person

12    shall meet and confer with counsel for defendants to reach an agreement, in accordance with the

13    Court's rules and procedures, on an appropriate method for disclosure, and if defendants do not

14    agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless

15    authorized by order of the Court.  Unless otherwise agreed, transcripts and exhibits that incorporate

16    or reference Confidential Information covered under this stipulation shall be treated as

17    CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER.

18    The Court Reporter shall mark as "Confidential" any deposition or hearing transcript that contains

19    any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

20    10.    Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be

21    immediately corrected by the offending party and does not constitute a waiver of the terms of this

22    PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

23    11.    All documents covered by this PROTECTIVE ORDER and copies thereof (including

24    those in the possession of experts, consultants, *etc*.) will be returned to the San Francisco City

25    Attorney's Office at the termination of this litigation.  On final disposition of this case, plaintiff's

26    counsel shall within 30 days after the final disposition of this case, without request or further order

27    of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in

28

1    this matter.  The provisions of this PROTECTIVE ORDER shall, without further order of the Court,

2    continue to be binding after the conclusion of the action, and this Court will have jurisdiction to

3    enforce the terms of this PROTECTIVE ORDER.

4           12.      Should plaintiff(s) fail to comply with this PROTECTIVE ORDER, plaintiff(s) and

5    plaintiffs' counsel shall be liable for all costs associated with enforcing this agreement, including but

6    not limited to all attorney fees in amounts to be determined by the Court.  Plaintiff and plaintiff's

7    counsel may also be subject to additional sanctions or remedial measures, such as contempt,

8    evidentiary or terminating sanctions.

9           IT IS SO STIPULATED.

10

11   Dated:  April 29, 2009

12                                          DENNIS J. HERRERA
                                           City Attorney
13                                          JOANNE HOEPER
                                           Chief Trial Deputy
14                                          SCOTT D. WIENER
                                           Deputy City Attorney
15

16                                             -/s/-    *Scott D. Wiener*
                                     By:_____
17                                          SCOTT D. WIENER

18                                          Attorneys for Defendants

19   Dated:  April 29, 2009

20                                          LAW OFFICES OF JOHN BURRIS

21
                                               -/s/-    *Adante Pointer*
22                                   By:_____
23                                          ADANTE POINTER

24                                          Attorneys for Plaintiffs

25                                          *Pursuant to GO 45, the electronic signatory has
                                           obtained approval from this signatory*.

26

27

28

CONFIDENTIALITY PROTECTIVE ORDER            4                    n:\lit\li2009\090681\00552600.doc
McPherson, et al. v. CCSF, et al. – USDC No. C08-05567 MMC

1

ORDER

2

Based on the foregoing stipulation and good cause appearing, IT IS SO ORDERED, with the

3

exception that the words "or hearing" at 3:18 are hereby STRICKEN.

4

5

Dated:   April 30, 2009 _____

_____

6

HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY PROTECTIVE ORDER                5                     n:\lit\li2009\090681\00552600.doc
McPherson, et al. v. CCSF, et al. – USDC No. C08-05567 MMC

1

**<u>Exhibit A</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY PROTECTIVE ORDER                6                n:\lit\li2009\090681\00552600.doc
McPherson, et al. v. CCSF, et al. – USDC No. C08-05567 MMC

1

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

2

3         I, _____, have read and understand the Court's Protective
Order for CONFIDENTIAL INFORMATION.  I agree to abide by all terms of the Order.  In
addition, I specifically understand and agree to the following:

4         1.  I will not disclose the CONFIDENTIAL INFORMATION to any other person.

5         2.  I understand that I have no power to authorize any other person to review the
CONFIDENTIAL INFORMATION.

6         3.  I agree not to make copies of the CONFIDENTIAL INFORMATION.

7         4.  I agree to return the CONFIDENTIAL INFORMATION to the counsel for the
party that produced it, at or before the conclusion of this litigation.

8         5.  I understand that if I violate any of the terms of the Protective Order, then
Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

9

        AGREED:

10

11      _____          _____
        DATE                          SIGNATURE

12

13                                    _____
                                      PRINT NAME

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY PROTECTIVE ORDER         7              n:\lit\li2009\090681\00552600.doc
McPherson, et al. v. CCSF, et al. – USDC No. C08-05567 MMC